KELLY v. KELLY.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

VENDOR AND PURCHASER—CONTRACT TO SELL—TITLE—DEED—DESCRIPTION—
ADVERSE POSSESSION.
    Plaintiff contracted to sell certain real estate to defendant, and, on
defendant's objecting to the title, they agreed to submit the controversy.
The submission stated that the premises intended were situate 408 feet
west of a certain street; that the deed which was the source of plain-
tiff's title described them as 480 feet west of such street, and also con-
veyed the grantor's right to insert beams in the wall of a house adjoin-
ing, as conveyed to him by a certain deed. But the submission did not
agree as to the location of such wall, though the location was given in
the statement of plaintiff's claim as one which would fix the situation
as 408 feet west of the street. The submission also declared that the
grantee in such deed and his successors, to plaintiff, had been in the
actual possession of such property ever since 1875. Held, that the sub-
mission did not show title in plaintiff either by deed or adverse posses-
sion.

Submission of controversy between Annie Kelly, plaintiff, and
Mary E. Kelly, defendant, on agreed statement of facts. Judgment
for defendant.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

Ralph K. Jacobs, for plaintiff.
Fred L. Gross, for defendant.

PER CURIAM. The purpose of this proceeding is to compel the
defendant to accept from the plaintiff title to certain real estate in
the borough of Brooklyn under an executory contract of sale between

the parties. The submission indicates that the land intended to be sold is situated 408 feet and 4 inches west of Court street. The record title of the plaintiff is defective, in that the deed which is her source of title describes the property as 480 feet and 4 inches west of Court street. We are asked by the plaintiff to hold that the latter description was a clerical error, but the parties, in their submission, have not agreed upon any fact sufficient to warrant this conclusion. The deed upon which the plaintiff's title depends was made on March 11, 1875, by Jeremiah Shea and Bridget, his wife, to Michael Kelly. After the erroneous description, making the situation of the property 480 feet and 4 inches west of Court street, instead of 408 feet and 4 inches, this deed conveys "the right of the party of the first part, his heirs and assigns, to insert beams in the wall of the house adjoining the hereby described premises on the easterly side thereof, as said right is given in and by a deed made by Grace Koegh and Edward Koegh to Gustavus A. Smith." It is argued that this clause creates an ambiguity in the description, and the reference to the party wall as a monument must control. In stating the contention of the plaintiff, the location of that party wall is set out in the submission; and it is said that this location would make the party wall 408 feet and 4 inches west of Court street, which is the proper description of the premises. It is not permissible, however, for us to consider this question of location, inasmuch as the situation of the party wall is not agreed upon anywhere in the submission. The only statement in reference to it is contained in that part of the instrument which sets out the plaintiff's claim. The submission declares that Michael Kelly, the grantee in the Shea deed, "has been in possession of such property from March 11, 1875, up to the time of his death, September 20, 1897, and that his heirs, who are also his devisees, have been in actual possession since that time; his wife having died previously." Upon this statement it is contended that the plaintiff has made out a good title by adverse possession. It is to be observed, however, that the submission does not declare the possession to have been undisturbed, and, even if it did, such allegation would not suffice. "To establish title by adverse possession, it must be shown that the person holding the possession did so in open hostility to the rights of the true owner." Heller v. Cohen, 154 N. Y. 299, 311, 48 N. E. 527, 530.

Upon the facts stated in this submission, the defendant is entitled to judgment.